UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS WILLIAM TEBIDOR,

                                **Plaintiff,**

                     v.                                    5:13-CV-1044
                                                                 (FJS)

**COMMISSIONER OF SOCIAL SECURITY,**

                                **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OLINSKY LAW GROUP**<br>300 South State Street<br>Suite 420<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF REGIONAL**<br>**GENERAL COUNSEL – REGION II**<br>26 Federal Plaza – Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **FERGUS J. KAISER, ESQ.**<br>**SUSAN J. REISS, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Thomas William Tebidor brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) ("Act"), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for benefits.

*See generally* Dkt. Nos. 1, 12. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 12, 15.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed an application for child's disability insurance benefits and supplemental security income ("SSI") on June 21, 2010, alleging disability beginning on October 17, 2009. *See* Administrative Record ("AR") at 196-202. The Commissioner denied Plaintiff's application on October 12, 2010. *See id.* at 63-93. Plaintiff timely filed a written request for a hearing, *see id.* at 116-20, which was held on December 6, 2011, before Administrative Law Judge Andrew Henningfeld ("ALJ"). *See id.* at 36-80. Attorney Marcie P. Eaton represented Plaintiff at the hearing. *See id.* at 19, 35.

On May 23, 2012, the ALJ issued a written decision in which he made the following findings "[a]fter careful consideration of the entire record . . . ."

1) "Born on October 17, 1991, [Plaintiff] had not attained the age 22 as of June 24, 2010, the amended alleged onset date."
2) Plaintiff had not "engaged in substantial gainful activity since June 24, 2010, the amended alleged onset date."
3) Plaintiff "has severe impairments: a hearing disorder; migraine headaches; asthma; and a learning disorder."
4) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
5) "After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform work at all exertion levels but with the following nonexertional limitations: no climbing of ladders, ropes or scaffolds; no exposure to concentrated levels of atmospheric conditions such as fumes, noxious odors, gases, and poor ventilation; work must involve understanding, remembering, and carrying out no more than a few simple instructions; work must be routine and repetitive involving only a few, if any, changes in the work setting; no fast-paced production rate work; work must not involve hazards such as moving mechanical parts or machinery

    that could cause bodily injury or work in high, exposed places; work must require exposure to noise above a moderate level; and work must involve no interaction with the public and no more than occasional interaction with supervisors and co-workers."
6) Plaintiff "has no past relevant work."
7) Plaintiff "was born on October 17, 1991 and was 18 years old, on the amended disability onset date, which is defined as a younger individual age 18-49."
8) Plaintiff "has at least a high school education and is able to communicate in English."
9) "Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work."
10) "Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."
11) Plaintiff "has not been under a disability, as defined in the Social Security Act, from June 24, 2010, through the date of this decision."

*See* AR at 19-29 (citations omitted).

  The ALJ's decision became the Commissioner's final decision on July 1, 2013, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 1-6. Plaintiff then commenced this action on August 26, 2013, and filed a supporting brief on February 24, 2014. *See* Dkt Nos. 1, 12. Defendant filed a response brief on April 10, 2014. *See* Dkt. No. 15.

  In support of his motion, Plaintiff challenges the ALJ's findings with respect to his residual functional capacity and the availability of jobs in the national economy. In particular Plaintiff argues that the ALJ improperly weighed the medical opinions in the record and improperly assessed his credibility. As a result, Plaintiff argues, the ALJ presented an incomplete hypothetical question to the vocational expert in connection with step five of the disability analysis. *See generally* Dkt. No. 12, Pl.'s Br.

# III. DISCUSSION

## A. Standard of review

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). To be eligible for benefits, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, he is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is

> only entitled to receive benefits if he cannot perform any
> alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

Between steps three and four of the disability analysis, the ALJ must determine the claimant's residual functioning capacity ("RFC"), which is defined as "the most you can still do [in a work setting] despite your limitations." 20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(e). The RFC analysis considers "all of your medically determinable impairments of which we are aware," even if they are not severe. 20 C.F.R. § 416.945(a)(2). The ALJ is to consider "all of the relevant medical and other evidence" in assessing RFC. 20 C.F.R. § 416.945(a)(3).

## B. ALJ's weighing of Dr. Shukri's opinion

The Commissioner's regulations instruct that

> [g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) . . . . If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent with the other substantial evidence in your case record*, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2) (emphasis added). Thus, treating physician opinions are "'not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record . . . .'" *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam)). For example, substantial evidence was found to support an ALJ's decision to afford

less than controlling weight to a treating physician's opinion that a claimant's migraines restricted her day-to-day activities where "the record show[ed] that [the claimant] did not experience debilitating migraines on a daily basis, but, by plaintiff's own account, only three times a month" and that such headaches were "'well controlled with medication.'" *Warfield v. Colvin*, __ F. Supp. 3d __, 2015 WL 5611400, *7 (D.D.C. 2015) (quotation omitted).

When affording a treating physician's opinion less than controlling weight, the ALJ "'will always give good reasons'" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)); 20 C.F.R. § 416.927(d)(2). To that end,

> [t]he factors that must be considered when the treating physician's opinion is not given controlling weight include: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist."

*Brickhouse v. Astrue*, 331 F. App'x 875, 877 (2d Cir. 2009) (quoting *Clark v. Commissioner of Social Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)); *see also* 20 C.F.R. § 416.927(c)(1)-(6).

In this case, the ALJ afforded little weight to the opinion of treating physician Dr. Shukri.[1] *See* AR at 25. The ALJ reasoned that Dr. Shukri's opinion was not consistent with the record as a whole, medical evidence and Plaintiff's reported activities. *See id.* In particular, the record shows that Plaintiff reported that he was feeling "extremely well" and that "his preoperative symptoms have essentially resolved" at a follow-up appointment following sinus surgery in 2010. *See* AR at 416. Additionally, Plaintiff reported to Dr. Shukri on July 29, 2010, that "his overall headaches are better Depakote and Replax does work to abort the headache."

---

[1] The Court notes that the two medical source statements attributed to Dr. Shukri were signed by Nurse Practitioner Rose Soto with Dr. Shukri signing as supervising physician. *See* AR at 548, 578. Thus, it is not entirely clear whether these medical source statements are the opinions of an "acceptable medical source" that would fall within the ambit of the treating physician rule. *See* 20 C.F.R. § 404.1513(a). Giving Plaintiff the benefit of the doubt, the Court applies the more deferential standard that the treating physician rule requires.

*See* AR at 350. The ALJ further noted that Plaintiff occasionally works full eight-hour days as a landscaper. *See* AR at 25. For these reasons, the Court finds that the ALJ applied the correct legal standard and offered sufficient reasons to support his weighing of the medical opinions. *See Petrie*, 412 F. App'x at 405; *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013). Accordingly, the Court finds that there is substantial evidence in the record to support the ALJ's finding, *see* Warfield, 2015 WL 5611400, at *7, and declines to disturb the Commissioner's weighing of the conflicting evidence in this case, c*f. Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

## C. ALJ's credibility finding

When a claimant makes subjective allegations of symptoms limiting his ability to function, the regulations provide that

> [y]our symptoms, such as pain . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present . . . which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 416.929(b); *see also* 20 C.F.R. § 404.1529(b). Accordingly, the Social Security Administration has adopted a two-step standard for assessing a claimant's credibility. *See* Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, *2 (July 2, 1996); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010).

> First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce" the pain alleged. 20 C.F.R. § 404.1529(c)(1); *see* SSR 96-7P. Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii); *Taylor v. Barnhart*, 83 Fed. Appx. 347, 350-51 (2d Cir. 2003) (summary order).

*Meadors*, 370 F. App'x at 183 (footnote omitted). The distinction between the two steps "'is important because at the first step in the credibility analysis, [Appellant's] allegations *need not be substantiated by medical evidence, but simply consistent with it*.'" *Meadors*, 370 F. App'x at 184 (quotation omitted).

Thus, "requiring that [a claimant's] allegations of pain be 'well supported' by the medical evidence . . . impose[s] an undue burden on the [claimant] at the credibility stage." *Id.* at 185. This is so because "'[a] claimant who alleges a disability based on the subjective experience of pain need not adduce direct medical evidence confirming the extent of the pain, but [instead] medical signs and laboratory findings which show that the claimant has a medical impairment which could reasonably be expected to produce the pain.'" *Id.* (quoting *Snell v. Apfel,* 177 F.3d 128, 135 (2d Cir. 1999)); *see also Barringer v. Comm'r of Soc. Sec.,* 358 F. Supp. 2d 67, 81 n.25 (N.D.N.Y. 2005) (noting that "[a] finding that a claimant suffers from disabling pain requires medical evidence of a condition that could reasonably produce pain. 20 C.F.R. § 416.929(a)-(b). It does not require objective evidence of the pain itself or its degree." (citations omitted)). For these reasons, "an express first-step finding is crucial to a valid subjective credibility assessment." *Babb v. Colvin*, No. 5:13-cv-868, 2014 WL 4684883, *6 (N.D.N.Y. Sept. 19, 2014).

In this case, the ALJ made no express finding with respect to whether Plaintiff' suffered from a medically determinable impairment that could reasonably be expected to cause the symptoms he alleged. Instead, the ALJ's credibility assessment began by concluding that the medical evidence did not substantiate Plaintiff's subjective allegations. *See* AR at 23. This clearly amounted to legal error under *Meadors*. Moreover, the Court finds unpersuasive the Commissioner's argument that the ALJ

acknowledged that Plaintiff's condition reasonably could be expected to produce the pain he alleges at step two of the disability analysis. A finding at step two of the disability analysis that a claimant's impairments are severe is "entirely separate and distinct from assessment of [the claimant's] *credibility*" regarding his subjective experience of pain and other symptoms. *Babb*, 2014 WL 4684883, at *5.

For these reasons, the Court finds that the ALJ committed reversible error by failing to make an express finding as to whether Plaintiff suffers from a "'medically determinable impairment[ ] that could reasonably be expected to produce'" the pain he alleges.[2] *Meadors,* 370 F. App'x at 183 (quotation and other citation omitted); SSR 96-7p, 1996 WL 374186, at *2.[3]

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 12, is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 15, is **DENIED**; and the Court further

---

[2] The Court notes, however, that the remainder of the ALJ's credibility analysis appears to meet the requirements of SSR 96-7p, 1996 WL 374186, at *3.

[3] Accordingly, the Court does not reach the question of whether the ALJ's hypothetical question to the vocational expert was complete or instead whether it was affected by legal error. In the event that, on remand, the ALJ reaches a different conclusion with respect to Plaintiff's credibility, he would be well advised to seek further testimony from a vocational expert on the basis of an updated hypothetical considering all of Plaintiff's limitations.

**ORDERS** that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the ALJ for further proceedings consistent with this Memorandum-Decision and Order pursuant to sentence four of the Act; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: April 12, 2016
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge